STATE of Oklahoma, Appellant,

v.

Robert CONWAY, Appellee.

No. O-80-618.

Court of Criminal Appeals of Oklahoma.

April 19, 1983.

John G. Lanning, Dist. Atty., Eleventh Judicial Dist., for appellant.

Charles S. Rogers, Deputy Appellate Public Defender, Norman, David Luther Woodward, Appellate Public Defender, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Robert Conway, the appellee, was charged with perjury pursuant to 21 O.S. 1981, § 491, in the District Court of Washington County. A preliminary hearing was held at which time the appellee objected to the charge on double jeopardy grounds. The appellee's motion to dismiss the information was sustained.

Associate District Judge Jess B. Clanton, Jr., was assigned to hear the State's application to appeal from the adverse ruling. On March 17, 1980, Judge Clanton denied the State's application and affirmed the magistrate's order dismissing the information. The State has perfected this appeal from the adverse ruling of the magistrate pursuant to 22 O.S.1981, Ch. 18, App., Rule 6.2.

Previously, in Case No. CRF–79–135, Conway was charged with first degree murder. At the trial, he testified that the victim, Carleton Adair, without provocation, threatened him while they were in the Shady Lane Club. Conway testified that he attempted to leave the grounds in his truck, but was unable to do so because other cars were blocking his way. Adair came out of the club and threatened Conway with a pistol. The appellee then shot Adair with a shotgun. The State introduced evidence attempting to prove that after the initial confrontation between Conway and Adair, Conway left the Shady Lane premises in his truck and returned with a loaded gun to "settle the score."

The jury convicted the appellee of first degree manslaughter and fixed his punishment at six (6) years' imprisonment. The perjury prosecution was premised on the appellee's testimony that he had not left the premises of the Shady Lane Club in his truck.

Double jeopardy is a concept derived from the Fifth Amendment, which states that "... nor shall any person be subject for the same offense to be twice put in jeopardy ..." In the Supreme Court case of *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), collateral estoppel was for the first time held to be an ingredient of the double jeopardy clause of the Fifth Amendment, made applicable to the states in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Collateral estoppel involves the preclusion of a claim where the material issue was litigated and necessarily decided in a prior suit though that prior suit may have involved a totally different cause of action. The appellee claims that the issue of whether he left the Shady Lane Club and later returned was litigated during the murder trial and that the State is estopped from trying that issue a second time at a perjury trial.

In *Ashe v. Swenson,* the Supreme Court stated that "collateral estoppel ... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." That rule was enunciated in the factual context of a retrial for an offense that arose out of the "same transaction" previously litigated and decided. However, that concept applies with equal validity to the retrial of issues adjudicated in a previous trial. *Sealfon v. United States,* 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948).

It is difficult to determine whether an issue on which a perjury charge is based was litigated in a previous trial. The test to be applied in making such a determination was set out in *Ashe v. Swenson, supra,* 397 U.S. at 444, 90 S.Ct. at 1194:

Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires the court to examine the record of a prior

proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.

Collateral estoppel is generally defined as follows:

When an issue of fact or law is actually litigated and determined by a final and valid judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

(Restatement of the Law, 2d, Judgment § 68 Tent. Draft No. 1, March 28, 1973).

■ In determining whether collateral estoppel precludes a perjury prosecution subsequent to an acquittal or implied acquittal on the substantive offense, it must be determined whether an issue necessary for the prosecution's case in the second trial has necessarily been decided in the defendant's favor in the first trial. Simply stated, the defendant must show that the prosecution of the perjury charge would necessarily require the relitigation of material fact issues, which were definitely determined in the defendant's favor at the former trial.[1]

In this case, a crucial factual issue common to both the murder trial and the perjury prosecution is whether Conway left the Shady Lane Club and later returned and shot the victim. Conway argues that because the jury returned a verdict of manslaughter in the first degree, they thereby implicitly acquitted him on the first degree murder charge. The argument continues that because the jury did not find him guilty of first degree murder, it necessarily found that he lacked malice aforethought at the time of the killing. Compare 21 O.S. 1981, § 711, with 21 O.S.1981, § 701.7(A). Based upon the above suppositions, Conway concludes that because the jurors failed to find that the killing was perpetrated with malice aforethought, they necessarily be- ' lieved his testimony and definitely determined that he did not leave the premises of the Shady Lane and later return with a loaded gun intending to kill the victim. We disagree.

■ It is impossible to know with any degree of certainty the basis for the jury's failure to find Conway guilty of first degree murder. However, the jury could reasonably have found that the killing was perpetrated in a heat of passion by means of a deadly weapon, irrespective of whether Conway left the club in his truck and returned with a shotgun. Thus, the issue of whether Conway left the Shady Lane and returned with a gun immediately prior to the killing was not necessarily decided in his favor at the first trial.

In accordance with the Supreme Court's guideline in *Ashe,* we have examined the record and all relevant matter and find that the district court improperly upheld the dismissal of the information charging the appellee with perjury. Accordingly, the adverse ruling of the lower court is REVERSED and the case is REMANDED for further preliminary hearing.

BUSSEY, P.J., concurs.

BRETT, J., dissents.

BRETT, Judge, dissents.

I respectfully dissent. I agree, with the majority opinion, that a crucial factual issue common to both the Murder trial and the Perjury prosecution was whether Conway left the Shady Lane Club, later returned and shot the victim. I find, after thoroughly reviewing the record, that was the single issue offered by the State in attempting to prove malice aforethought necessary for a First Degree Murder conviction. To require Conway to stand trial again on that issue will constitute double jeopardy. I do not believe a rational jury would have acquitted Conway on the murder charge had the State proved he left the Club to retrieve a shotgun.

In any instance where a general verdict is returned by a jury, no one apart from the jury can know with absolute certainty the weight the jury gave any particular testi-

---

1. For a discussion of this topic see Annot., 89      A.L.R.3d 1098 (1975).

mony, or the reason they arrived at a particular verdict. To submit Conway to a trial on the Perjury charge, for the reasons given in the majority opinion that "it is impossible to know with any degree of certainty the basis for the jury's failure to convict him of First Degree Murder", misapplies the rule set forth in *Ashe v. Swenson,* supra. The trial judge, after reviewing the record, held that it will constitute double jeopardy to try Conway on the Perjury charge. I would affirm the trial court's holding.